FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFRED NASH VILLALOBOS,

Defendant - Appellant.

No. 12-50300

D.C. No. 2:09-cr-00824-GHK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted January 7, 2014
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

Defendant-Appellant Alfred Nash Villalobos appeals from a jury conviction

and sentence for attempted extortion, in violation of 18 U.S.C. § 1951(a), and

endeavoring to obstruct justice, in violation of 18 U.S.C. § 1503(a). Villalobos

alleges five errors: (1) the preclusion of a claim of right defense and the jury

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

instructions related to the extortion charge; (2) the sufficiency of the evidence that Villalobos endeavored to obstruct justice; (3) the admission into evidence of two of Villalobos's statements; (4) Agent Gary Bennett's and Benjamin Gluck's (Gluck) testimony concerning Villalobos's statements; and (5) the sentencing enhancement for abuse of a position of trust.

In an opinion filed contemporaneously with this memorandum disposition, we hold that although the district court's jury instructions concerning attempted extortion were erroneous, that error was harmless. We also hold that the district court did not err when it precluded Villalobos's claim of right defense. We address the remainder of Villalobos's claims below. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

## I. Sufficiency of the Evidence

Villalobos argues that the government failed to prove beyond a reasonable doubt that he endeavored to obstruct justice in violation of 18 U.S.C. § 1503(a), because there was insufficient evidence that Orit Anjel (Orit) would testify before a grand jury. Construing the evidence in the light most favorable to the prosecution, as we must, we conclude that any rational trier of fact could have found the essential elements of endeavoring to obstruct justice beyond a reasonable doubt.

*See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Nevils*, 598 F.3d 1158, 1163–65 (9th Cir. 2010) (en banc).

There was sufficient evidence that Villalobos acted with an intent to obstruct justice and in a manner that had the natural and probable effect of interfering with the due administration of justice. *See United States v. Aguilar*, 515 U.S. 593, 599 (1995); *United States v. Laurins*, 857 F.2d 529, 536–37 (9th Cir. 1988). The evidence shows that Villalobos repeatedly promised to influence Orit to have her "shade[]" things as necessary and to "do whatever it is [they] need her to do" during her interview with Assistant U.S. Attorney Keri Axel (Axel). The evidence also demonstrates that Villalobos believed Orit's false statements would be conveyed to the grand jury. Finally, the evidence shows that the natural and probable effect of Villalobos's actions would have been interference with grand jury proceedings because in standard practice, grand jury testimony would have been the next step after Orit's interview with Axel. The fact that Villalobos was not successful in having Orit testify before a grand jury because he was foiled when Gluck reported him to the U.S. Attorney's Office is of no import since an "endeavor" to obstruct justice suffices. *See Aguilar*, 515 U.S. at 599, 601–02.

Accordingly, in light of the evidence presented at trial, construed in the light most favorable to the prosecution, any rational trier of fact could have found

3

beyond a reasonable doubt the essential elements of endeavoring to obstruct justice.

## II. Admission of Villalobos's Statements

Villalobos challenges the district court's admission of two of his statements into evidence: (1) "I'm a very reasonable person. In other cases when people have needed to do something like hand me a bag . . . with $80,000. I've taken it. . . . And dealt with it," and (2) "You can't convince me that [Rabbi Yemeni] can't come up with the hundred grand. I can piss away a hundred grand in ten hours at the casino. The rabbi can piss away a hundred grand in a weekend."

The district court did not abuse its discretion in admitting these two statements. Both statements are relevant. *See* Fed. R. Evid. 401. The first statement tends to show that Villalobos was a willing participant in the offense and was trying to devise a method of payment to allay Gluck's fears by avoiding detection. The second statement tends to show that Villalobos was attempting to persuade Rabbi Yemeni, through Gluck, to pay the demanded money by making it appear more palatable to Rabbi Yemeni. Additionally, the probative value of the statements is not substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403. Any risk of unfair prejudice was mitigated by the district court's limiting instructions to the jury. *See United States v. Flores-Blanco*, 623

F.3d 912, 920 (9th Cir. 2010); *see also Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

**III.  Agent Bennett's and Gluck's Statements**

Villalobos contends that the district court erred when it allowed Agent Bennett and Gluck to interpret Villalobos's statements.  Villalobos has waived this argument because he fails to identify the specific testimony to which he objects on appeal.  *See United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006); *see also* Fed. R. App. P. 28(a)(9).

**IV.  Sentencing Enhancement for Abuse of Position of Trust**

Villalobos contends that the district court erred in applying a two-level upward adjustment in the advisory guidelines range for abuse of a position of trust under Sentencing Guideline § 3B1.3.  The district court did not err in applying the sentencing enhancement because Villalobos's special skills as a lawyer significantly facilitated the commission of the crimes of attempted extortion and endeavoring to obstruct justice.  *See* U.S. Sentencing Guidelines Manual § 3B1.3 cmt. n.4.  For example, if Villalobos was not a lawyer, he would not have been able to credibly approach Gluck and Rabbi Yemeni with a civil demand letter that sought an alleged settlement offer.  Additionally, he used his knowledge of the

5

grand jury system to tell Gluck that Orit would not be able to contradict the statements she made to Axel when she testified before the grand jury.

**AFFIRMED.**